UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
KARLA SILVA AND MARIA DE LOURDES PUJOS,

                Plaintiffs,

                                         Case No.
                                         COMPLAINT
          -against-                      JURY TRIAL DEMANDED


LINA NAILS SPA CORP. D/B/A LINA NAILS SPA,
ALVARO ISIDRO,  AND ANGELINA CEPEDA,

                Defendants,
-------------------------------------------------------------------------X

     Karla Silva and Maria De Lourdes Pujos, Plaintiffs, by and through their attorneys at law firm Heriberto A. Cabrera & Associates, as and for their Complaint against Lina Nails Spa Corp. d/b/a Lina Nails Spa, Alvaro Isidro, and Angelina Cepeda ("Defendants"), respectfully alleges as follows:

### INTRODUCTION

1. This is a suit to recover unpaid overtime hours, minimum wages, and spread of hours compensation from the Defendants, pursuant to New York State Labor Law Sections 190 *et seq* ("NYSLL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action seeks unpaid overtime wages, minimum wages, spread of hours, liquidated damages, notice violations, reasonable attorney's fees, costs, and pre and post-judgment interest for Defendants' willful failure to pay overtime, minimum wages, inter alia, to Plaintiffs Karla Silva (hereinafter "Silva"). and Maria De Lourdes Pujos (hereinafter "Pujos")

3. Plaintiffs demand a jury trial on all issues that may be tried by a jury.

**PARTIES**

4. Plaintiff Silva is a resident of Kings County, New York and, she was an employee of Defendants as a manicurist at Lina Nails Spa Corp., d/b/a Lina Nails Spa with the business located at 7607 3rd Avenue Brooklyn, NY 11209.

5. Plaintiff Pujos is a resident of Kings County, New York and, she was an employee of Defendants as a manicurist at Lina Nails Spa Corp., d/b/a Lina Nails Spa with the business located at 7607 3rd Avenue Brooklyn, NY 11209.

6.  Upon information and belief, Lina Nails Spa Corp., is a domestic corporation doing business within the State of New York, County of Kings, and has a principal place of business in Kings County in New York at 7607 3rd Avenue Brooklyn, NY 11209.

7. Upon information and belief, Lina Nails Spa Corp., is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

8. Lina Nails Spa Corp., is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from business operations as a nail salon based at 7607 3rd Avenue Brooklyn, NY 11209 where Defendants controlled the terms, conditions and pay practices relating to the Plaintiffs.

9.  Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

10. Upon information and belief, Defendant Alvaro Isidro, whose address is unknown at this time, has been during the period alleged in this complaint, the Chief Executive Officer and/or manager/supervisor and member of Lina Nails Spa Corp.

11. Defendant Alvaro Isidro controls the hours, the task assignments and the overall work associated with Plaintiffs' work at the building premises of Defendants.

12. Defendant Alvaro Isidro controls the terms and conditions of Plaintiffs' employment and is thus an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3).

13. Upon information and belief, Defendant Angelina Cepeda, whose address is unknown at this time, has been during the period alleged in this complaint, the Chief Executive Officer and/or manager/supervisor and member of Lina Nails Spa Corp.

14. Defendant Angelina Cepeda controls the hours, the task assignments and the overall work associated with Plaintiffs' work at the building premises of Defendants.

15. Defendant Angelina Cepeda controls the terms and conditions of Plaintiffs' employment and is thus an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3).

16. Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

## JURISDICTION AND VENUE

17. This court has subject matter jurisdiction over Plaintiffs' Fair Labor Standards Act ("F.L.S.A.") claims pursuant to 28 U.S.C. § 1331 and§ 1337 and supplemental jurisdiction over Plaintiffs' NYSLL claims pursuant to 28 U.S.C. § 1367.

18. This Court also has jurisdiction over Plaintiff's F.L.S.A. claims pursuant to 29 U.S.C. § 201 et seq. and in particular, 29 U.S.C. § 216(b).

19. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because this action concerns wages and hours violations that occurred within the Judicial District and all parties reside in and/or conduct business within the Judicial District.

## FACTS

20. At all times relevant to this Complaint, Plaintiffs received payments from Defendants and was economically dependent on Defendants in regards to making their living.

21. Defendants had the power to hire and fire employees including Plaintiffs.

22. Defendants supervised and controlled Plaintiffs' work schedules and/or conditions of employment.

23. Defendants, through their agents, determined the rate and method of payment of Plaintiffs' wages.

**Plaintiff Karla Silva**

24. Plaintiff Silva worked for Defendants as a manicurist at 7607 3rd Avenue Brooklyn, NY 11209 which location was controlled by the same individual Defendants and the corporate Defendant, namely Defendant Lina Nails Spa Corp., 7607 3rd Avenue

Brooklyn, NY 11209 from on or about March 2022 until on or about October 20, 2024.

25.  From on or about March, 2022 until on or about February, 2024, Plaintiff Silva worked 5 days per week with shifts that were routinely 10.5 hours in a single day from 9:30am until 8:00pm, for a total of 52.5 hours per week.

26. From March, 2022 until on or about July, 2022, Plaintiff was paid $110.00 per day for a total of $550 per week which sum was below the minimum wage required by New York State and Federal Laws.

27. From August, 2022 until November, 2022, Plaintiff was paid $115.00 per day for a total of $575.00 per week which sum was below the minimum wage required by New York State and Federal Laws.

28. From December, 2022 until April, 2023, Plaintiff was paid $120.00 per day for a total of $600.00 per week which sum was below the minimum wage required by New York State and Federal Laws.

29. From May, 2023 until September, 2023, Plaintiff was paid $125.00 per day for a total of $625.00 per week which sum was below the minimum wage required by New York State and Federal Laws.

30. From October, 2023 until February, 2024, Plaintiff was paid $130.00 per day for a total of $650.00 per week which sum was below the minimum wage required by New York State and Federal Laws.

31. From on or about March 1, 2024 through March 31, 2024, and from May 1, 2024 through October 20, 2024, Plaintiff Silva worked 5 days per week with shifts that were routinely 9.5 hours in a single day from 10:30am until 8:00pm, for a total of 47.5 hours per week.

32. From on or about April 1, 2024 through April 30, 2024, Plaintiff Silva worked seven

5

(7) days per week on two weeks in April and six (6) days per week for the remaining two weeks with shifts that were routinely 9.5 hours in a single day from 10:30am until 8:00pm, for a total of 57 or 66.5 hours per week.

33. From on or about April 1, 2024 until April 30, 2024, Plaintiff was paid $120.00 per day for a total of $720.00 per week for two weeks and $840.00 per week for the remaining two weeks.

34. From March 1, 2024 until March 31, 2024, and from May 1, 2024 until October 20, 2024, Plaintiff was paid $120.00 per day for a total of $600.00 per week which sum was below the minimum wage required by New York State and Federal Laws.


**Plaintiff Maria De Lourdes Pujos**

35. Plaintiff Pujos worked for Defendants as a manicurist at 7607 3rd Avenue Brooklyn, NY 11209 which location was controlled by the same individual Defendants and the corporate Defendant, namely Defendant Lina Nails Spa Corp., 7607 3rd Avenue Brooklyn, NY 11209 from on or about March, 2023 until on or about April 7, 2024

36. From on or about March, 2023 until on or about May, 2023, Plaintiff Pujos worked 5 days per week with shifts that were routinely 10.5 hours in a single day from 9:30am until 8:00pm, for a total of 52.5 hours per week.

37. From on or about June, 2023 until September, 2023, Plaintiff Pujos worked 6 days per week with shifts that were routinely 10.5 hours in a single day from 9:30am until 8:00PM, for a total of 63 hours per week.

38. From on or about October, 2023 until January, 2024, Plaintiff Pujos worked 5 days per week with shifts that were routinely 10.5 hours in a single day from 9:30am until 8:00PM, for a total of 52.5 hours per week.

39. From on or about February 1, 2024 until February 28, 2024, Plaintiff Pujos worked 6

days per week with shifts that were routinely 10.5 hours in a single day from 9:30am until 8:00PM, for a total of 63 hours per week.

40. From March, 2024 until April 7, 2024, Plaintiff Pujos worked 7 days per week with shifts that were routinely 10.5 hours in a single day from 9:30am until 8:00PM, for a total of 73.5 hours per week

41. The first week of March, 2023, Plaintiff was not paid any sums under the representation that Plaintiff was in training.

42. The second week of March, 2023, Plaintiff was paid $50 per day for five (5) days of work for a total payment of $250.00 for the week.

43. Beginning on or about the third week of March, 2023 until May, 2023, Plaintiff was paid $60 per day for a total of $300.00 per week which sum was below the minimum wage required by New York State and Federal Laws.

44. From on or about June, 2023 until September, 2023, Plaintiff was paid $60 per day for a total of $360.00 per week which sum was below the minimum wage required by New York State and Federal Laws.

45. From on or about October, 2023 until November, 2023, Plaintiff was paid $65.00 per day for a total of $325.00 per week which sum was below the minimum wage required by New York State and Federal Laws.

46. From on or about December, 2023 until January, 2024, Plaintiff was paid $70.00 per day for a total of $350.00 per week which sum was below the minimum wage required by New York State and Federal Laws.

47. On February, 2024, Plaintiff was paid $75.00 per day for a total of $450.00 per week which sum was below the minimum wage required by New York State and Federal Laws.

48. From on or about March, 2024 until on or about April 7, 2024, Plaintiff was paid $75.00 per day for a total of $525 per week which sum was below the minimum wage required by New York State and Federal Laws.

49. During the entire period of their employment, Plaintiffs were never paid an overtime premium for the hours they worked.

50. Plaintiffs did not exercise any discretion over their tasks or over any significant aspects of the manner the Defendants ran their business. Nor did Plaintiffs have control over the manner they could execute the tasks assigned to them.

51. During the period alleged in this complaint, Plaintiffs routinely worked over 40 hours a week without receiving a premium on pay for hours worked in excess of 40 hours a week.

52. Defendants routinely required Plaintiffs to work hours that were not recorded on the Defendants' time sheets.

53. Upon information and belief, Defendants kept and/or allowed to be kept inaccurate records of the hours worked by Plaintiffs.

54. Defendants failed to adequately and accurately disclose and/or keep track of the amount of hours Plaintiffs worked during the day, the total hours Plaintiffs worked during the week and/or the total amount of overtime hours worked each week.

55. If Plaintiffs' hours had been properly documented and calculated, then the Plaintiffs' total amount of hours worked would have triggered payment calculated at premium overtime rates well in excess of the amount of money actually paid to Plaintiffs by the Defendants.

56. Defendants' policy and practice was to be deliberately and/or willfully indifferent to the amount of regular wages and overtime wages that Plaintiffs were entitled to under the law.

57.  At all times, Defendants' policy and practice in regards to paying wages to Plaintiffs had been willful in its violation of the relevant federal and state labor laws.

## FIRST CAUSE OF ACTION
### *Failure to Pay Overtime Wages (Federal)*

58. Plaintiffs re-allege paragraphs 1-57 of this Complaint as if set forth fully herein.

59. Plaintiffs were non-exempt employees of the Defendants as understood by the FLSA at all relevant times.

60. At all relevant times, Plaintiffs were not paid time and a half based on their regular hourly rate of pay for any and all hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207.

61. Plaintiffs routinely worked hours in excess of 40 hours a week.

62. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

63. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to back pay for unpaid overtime wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
### *Failure to Pay Overtime (State)*

64. Plaintiffs re-allege paragraphs 1-63 of this Complaint as if set forth fully herein.

65.  Plaintiffs were employed by the Defendants within the meaning of the New York State Labor Law §§ 2(7) and § 190(2).

9

66. Defendants failed to pay Plaintiffs overtime wages at a rate at least one and a half times their regular rate of pay for each hour worked in excess of forty hours per week.

67. Plaintiffs routinely worked hours in excess of 40 hours a week.

68. Defendants' failure to pay overtime wages to Plaintiffs violated New York Labor Law which requires employers pay employees overtime for hours worked in excess of 40 hours per week at the rate of one and a half times the employee's regular hourly wage or the prevailing minimum wage (whichever is greater).

69. Said violations have been willful within the meaning of New York State Labor Law § 198(1-a).

70. Thus, Plaintiffs are entitled to recover from Defendants unpaid overtime wages in an amount to be determined at trial, and an amount equal to those unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees, costs of this action and pre-judgment interest.

### THIRD CAUSE OF ACTION
*Failure to Pay Minimum Wages (Federal)*

71. Plaintiffs re-allege paragraphs 1-70 of this Complaint as if set forth fully herein.

72. Plaintiffs were a non-exempt employee of the Defendants as understood by the FLSA at all relevant times.

73. At all relevant times, Plaintiffs were paid below the controlling minimum wage required by state and federal law.

74. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

75. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to back pay for unpaid

minimum wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

76. Defendant failed to make, keep and preserve accurate records with respect to Plaintiffs, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

77. Defendants at all times failed to provide Plaintiffs with any and all wage notices and/or wage statements that Defendants were obligated to provide to Plaintiffs pursuant to NYSLL, particularly the New York State Wage Theft Prevention Act.

78. The Defendants' failure to provide Plaintiffs with the aforementioned notices and statements were willful and malicious and/or reckless and/or negligent.

79. Thus, Plaintiffs are entitled to statutory damages and attorney's fees for such failures by Defendants in an amount to be determined at trail, and such other relief as this Court deems just and proper.

**FOURTH  CAUSE OF ACTION**
*Failure to Pay Minimum Wages (State)*

80. Plaintiffs re-allege paragraphs 1-79 of this Complaint as if set forth fully herein.

81. Plaintiffs were a non-exempt employee of the Defendants as understood by the NYSLL at all relevant times.

82. At all relevant times, Plaintiffs were paid below the controlling minimum wage required by New York State Law.

83. Said failure to pay was willful, deliberate and/or reckless without any good faith basis.

84. Thus, pursuant to Section 663(1) of the New York Minimum Wage Act, Plaintiffs are entitled to back pay for unpaid minimum wages, in an amount to be

determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## FIFTH  CAUSE OF ACTION
*Failure to Pay Spread of Hours (State)*

85. Plaintiffs re-allege paragraphs 1-84 of this Complaint as if set forth fully herein.

86. Defendants have not paid Plaintiffs their due additional hours of pay for shifts where Plaintiffs worked in excess of 10 hours as required by NYSLL while making less than or at minimum wage.

87. Such failure to pay was willful within the meaning of NYSLL § 198(1-a).

88. Defendants' willful and intentional failure to pay the spread of hours violates the New York State Code of Rules and Regulations, Title 12, § 142-2.4, which requires employers to pay an additional hour at minimum wage when an employee works in excess of 10 hours in a single day.

89. Plaintiffs are entitled to compensatory damages for Defendants' failure to pay the required spread of hours for each day they worked more than 10 hours, as well as liquidated damages, reasonable attorney's fees, costs and prejudgment interest.

## SIXTH  CAUSE OF ACTION
*Violation of the Notice and Recordkeeping Requirements
of the New York Labor Law*

90. Plaintiffs re-allege paragraphs 1-89 as if set forth fully herein.

91. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other' allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer' the name of the

employer; any "doing businesses as" named used by the employer' the physical address of the employer's main office or principal place of business and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

92. Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorney's fees.

## SEVENTH  CAUSE OF ACTION
*Violation of the Wage Statement Provisions of the New York Labor Law*

93. Plaintiffs re-allege paragraphs 1-92 as if set forth fully herein.

94. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate of rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime house worked, as required by NYLL 195(3).

95. Defendants are liable to Plaintiffs in the amount of $5,000.00, together with costs and attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

a. A declaration that the Defendants' acts and practices complained of herein are willful violations with the meaning of 29 U.S.C. § 260 and NYSLL § 198(1-a).

b. Directing Defendants to make Plaintiffs whole for all unpaid overtime wages due as a consequence of Defendant's violation of FLSA and NYSLL;

c. Directing Defendants to make Plaintiffs whole for all unpaid minimum wages due as a consequence of Defendant's violation of FLSA and NYSLL;

d. Directing Defendants to make Plaintiffs whole for all spread of hours due as a consequence of Defendant's violation of FLSA and NYSLL;

e. Directing Defendants to pay Plaintiffs an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

g. Awarding Plaintiffs pre- and post-judgment interest as provided for in NYSLL § 198(1-a), and;

h. Awarding Plaintiffs statutory damages pursuant to NY State Labor Law wage notification requirements, and;

i. Awarding Plaintiffs such other and further relief as this Court may deem just and proper.

## **<u>DEMAND FOR A JURY TRIAL</u>**

Plaintiffs demand a trial by jury as to all issues in the above matter.


Dated: Brooklyn, NY
        March 25, 2025

HERIBERTO A. CABRERA & ASSOCIATES


*Heriberto Cabrera*

Heriberto A. Cabrera, Esq.
*Attorney for Plaintiffs*
480 39th Street, 2nd Floor
Brooklyn, NY 11232